IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OAKLEY, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALL-INBIKE, et al., <br><br> Defendants. | Case No. 20-cv-03542 <br><br> **Judge Robert W. Gettleman** <br><br> **Magistrate Judge Young B. Kim** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiff Oakley, Inc. ("Plaintiff" or "Oakley") submit the following memorandum in support of its Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the defendants identified on Schedule A to the Amended Complaint (collectively, the "Defaulting Defendants") based on Oakley's action for infringement of U.S. Design Patent No. D659,180.

**STATEMENT OF FACTS**

Plaintiff Oakley, Inc. ("Oakley") is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610. Amended Complaint [11] at ¶ 4. Plaintiff Oakley is an indirect, wholly-owned subsidiary of Luxottica Group S.p.A. *Id.* at ¶ 5. Oakley is an internationally recognized manufacturer, distributor and retailer of eyewear, apparel, footwear, outerwear, jackets, accessories and other merchandise (collectively, the "Oakley Products"). *Id.* at ¶ 6. Oakley Products are known for their distinctive patented designs. *Id.* at ¶ 8. Oakley uses these designs in connection with its Oakley Products, including, but not limited to Oakley's patented design,

1

U.S. Patent No. D659,180 (referred to herein as "Oakley Design").  *Id*.  Additional factual assertions regarding Plaintiff in Paragraphs 4 – 9 of the Amended Complaint are incorporated herein.  *Id*. at ¶¶ 4 – 9.

Defaulting Defendants are individuals and business entities of unknown makeup who, own and/or operate one or more of the e-commerce stores under at least the seller aliases identified on Schedule A to the Amended Complaint (collectively, the "Seller Aliases").  *Id*. at ¶ 10.  Each Defaulting Defendant targets sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products, including eyewear, that infringe Oakley's patented design (the "Infringing Products") to residents of Illinois.  *Id*. at ¶ 14.  Additional factual assertions regarding Defaulting Defendants in Paragraphs 10 – 24 of the Amended Complaint are incorporated herein.  *Id*. at ¶¶ 10 – 24.

Plaintiff filed this action on June 17, 2020 [1] and soon thereafter filed an Amended Complaint [11].  On June 18, 2020, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") [25], subsequently extended the TRO [31], and converted the TRO [25] to a Preliminary Injunction [43].  Paragraph 7 of the TRO permitted Plaintiff to complete service of process to Defendants by electronically publishing a link on a link to the Amended Complaint, the TRO, and other relevant documents on a website and sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Jason Groppe and any e-mail addresses provided for Defendants by third parties that includes a link to said website. [25] at ¶ 7.  The Defendants were properly served on July 13, 2020. [38].  None of

the Defaulting Defendants have filed an answer or otherwise pled in this action. *See* Declaration of Justin R. Gaudio (the "Gaudio Declaration") at ¶ 2.

On August 27, 2020, Plaintiff served Plaintiff's First Set of Interrogatories (four interrogatories) and Plaintiff's First Set of Requests for the Production of Documents and Things to Defaulting Defendants (two document requests) on Defaulting Defendants and received no response.[1] Gaudio Declaration at ¶ 4. As such, Defaulting Defendants have failed to produce any documents or information: (1) identifying each and every domain name, online marketplace account and/or financial accounts used by Defaulting Defendants, including the owner(s) and/or operator(s) of each Online Marketplace; (2) showing costs, cost allocations, revenues, and profits of Defaulting Defendants for the last five (5) years; or (3) relating to each and every purchase that Defaulting Defendants have made relating to the Oakley Design and/or the Infringing Products, including records of the products purchased, the sale prices, images of the products, records of suppliers and manufacturers of the products, records of steps taken by Defaulting Defendants to determine whether such products were new or genuine, and records of investigation notes regarding purchase of the products, including the identity of the person(s) responsible for such investigation. *Id.* Information provided by PayPal, Inc. ("PayPal"), Alipay, Amazon and Wish for only some of the Defaulting Defendants indicates that Defaulting Defendants' financial accounts have a total restrained balance of approximately $130,716.82 with at least $44,411,271.31 in total revenue. *Id.* at ¶ 6. Plaintiff also served its First Set of Requests for Admissions on Defaulting Defendants on August 27, 2020 and received no response. *Id.* at ¶ 5. By failing to respond, each Defaulting Defendant has admitted that profits from the sale of the Infringing Products totals more than $100,000. *See* Fed. R. Civ. P 36(a)(3).

---

[1] Paragraph 6 of the Preliminary Injunction Order requires that Defendants respond or otherwise provide expedited discovery to Oakley within three (3) business days after receipt. [43].

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff now moves this Court for an Order entering default and default judgment finding that Defaulting Defendants are liable on Count 1 of Plaintiff's Amended Complaint. Fed. R. Civ. P. 55(a) and (b)(2). Plaintiff seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Infringing Products and an Order that all assets in Defaulting Defendants' financial accounts, including those operated by PayPal, Alipay, Amazon and Wish.com, as well as any newly discovered assets, be transferred to Plaintiff.

## ARGUMENT

**I.    JURISDICTION AND VENUE ARE PROPER IN THIS COURT**

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 11, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in Illinois and causes harm to Plaintiff's business within this Judicial District. *See* [11] at ¶¶ 1, 14, 26 and 27; *uBID, Inc. v. GoDaddy Grp., Inc*. 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive, e-commerce stores operating under the Seller Aliases, each of the Defaulting Defendants has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, has sold Infringing Products to consumers in the United States,

including the State of Illinois. [11] at ¶ 14. Personal jurisdiction exists over Defaulting Defendants since they directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive e-commerce stores under the Seller Aliases through which Illinois residents can purchase Infringing Products. *Id. See Monster Energy Co. v. Chen Wensheng, et al.*, 2015 U.S. Dist. LEXIS 132283, at *11 (N.D. Ill. Sept. 29, 2015).

## II.     PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On June 18, 2020, Plaintiff filed its Amended Complaint alleging federal patent infringement of United States Design Patent No. D659,180 pursuant to 35 U.S.C. § 271 (Count I). [11]. The Defendants were properly served with the Amended Complaint on July 13, 2020. [38]. Despite having been served with process, none of the Defaulting Defendants have filed an answer or otherwise pled in this action. Gaudio Declaration at ¶ 2. Upon information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces. *Id.* at ¶ 3. Accordingly, Plaintiff asks for entry of default against the Defaulting Defendants.

## III.    PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual

allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, Plaintiff served Defendants on July 13, 2020. [38]. The answer deadline has passed and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and pursuant to 35 U.S.C. § 289, Plaintiff requests an award of Defaulting Defendants' profits resulting from Defaulting Defendants' unauthorized use and infringement of the Oakley Design on products sold through the e-commerce stores operating under the Seller Aliases. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from making, using, offering for sale, selling, and importing Infinging Products and an order that all assets in Defaulting Defendants' financial accounts, including those operated by PayPal, Alipay, Wish.com, and Amazon, and any newly identified accounts be transferred to Plaintiff.

The United States Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Plaintiff alleged in its Amended Complaint that it is the lawful assignee of all right, title, and interest in and to the Oakley Design. [11] at ¶ 9. Plaintiff has also alleged that Defaulting Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the Oakley Design. *Id*. at ¶ 26. Exhibit 1 to the Amended Complaint shows that an ordinary observer would be deceived into thinking that the Infringing Products were the same as the Oakley Design. [11-1]. *See Competitive Edge, Inc. v. Staples, Inc*., 763 F. Supp. 2d

997, 1011 (N.D. Ill. 2010) (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008)). Finally, Plaintiff alleged that it has not licensed or authorized Defaulting Defendants to use the Oakley Design, and none of the Defaulting Defendants are authorized retailers of genuine Oakley Products. *Id*. at ¶ 15.

Since the Defaulting Defendants have failed to answer or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Amended Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment with respect to Count I for patent infringement against the Defaulting Defendants.

IV. **PLAINTIFF IS ENTITLED TO DEFENDANTS' PROFITS PURSUANT TO 35 U.S.C. § 289**

In the case of design patent infringement, a patentee may recover the total profits made by a defendant under 35 U.S.C. § 289. Section 289 provides that "[w]hoever during the term of a patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit, but not less than $250…." 35 U.S.C. § 289.

Determining an award under Section 289 involves two steps: "First, identify the 'article of manufacture' to which the infringed design has been applied. Second, calculate the infringer's total profit made on that article." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. 429, 434 (2016). The plaintiff has the initial burden to show the article of manufacture and the defendant's total profit on that article. *Nordock, Inc. v. Systems, Inc.*, 2017 U.S. Dist. LEXIS 192413, at * 7 (E.D. Wisc. 2017). However, if the defendant believes that the article of

7

manufacture is different, it has the burden to produce evidence showing the article of manufacture. *Id*. The defendant also has the burden to produce evidence as to any deductions from the total profit identified by plaintiff. *Id*. The Supreme Court has made it clear that:

> The burden is the infringer's to prove that his infringement had no cash value in sales made by him. If he does not do so, the profits made on sales of goods bearing the infringing mark properly belong to the owner of the mark. There may well be a windfall to the trade-mark owner where it is impossible to isolate the profits which are attributable to the use of the infringing mark. But to hold otherwise would give the windfall to the wrongdoer.

*WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008) citing *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206-07, 62 S. Ct. 1022, 86 L. Ed. 1381, 1942 Dec. Comm'r Pat. 767 (1942). "Although § 289 does not explicitly impose any burden on the defendant, this shift in the burden of production is consistent with the disgorgement of profits in other contexts." *Nordock, Inc. v. Systems, Inc.*, 2017 U.S. Dist. LEXIS 192413, at *7-8. "[Patent holders] are entitled to an award best approximating their actual loss, and the infringers must bear the burden of uncertainty." *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 831 F. Supp. 1354, 1388 (N.D. Ill. 1993) (citations omitted).

In cases where defendants have failed to produce documents to characterize revenue, courts have entered a profits award for the entire revenue amount. *See WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. Ill. 2008) ("[t]he burden was therefore on PartyGaming to show that certain portions of its revenues…were not obtained through its infringement of WMS's marks."); *Chloe v. Queen Bee of Beverly Hills*, 2009 U.S. Dist. LEXIS 84133, at *15-17 (S.D.N.Y. Jul. 16, 2009) (entering profits award for the entire revenue amount in trademark infringement case even though "records offer no guidance as to how much of this

8

revenue stream related to [Plaintiff's] products [as opposed to other products not at issue in this case] or as to the costs incurred in acquiring and selling these products."). Under normal circumstances, it is the infringer who bears the burden of "offering a fair and acceptable formula for allocating a given portion of overhead to the particular infringing items in issue." *Deckers Outdoor Corp. v. ShoeScandal.com, Ltd. liability Co.*, No. CV 12-7382 ODW (SHx), 2013 U.S. Dist. LEXIS 168545, at *12 (C.D. Cal. Nov. 25, 2013), citing *Sunbeam Prods., Inc. v. Wing Shing Prods. (BVI) Ltd.*, 311 B.R. 378, 401 (S.D.N.Y. 2004) aff'd, 153 F. App'x 703 (Fed. Cir. 2005). "But if the infringer has failed to produce any evidence … the Court must determine the costs to be subtracted from revenue based on the evidence it has to determine profits." *See Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1447 (Fed. Cir. 1998).

Here, the Oakley Design claims "[t]he ornamental design for an eyeglass." [11-2]. In the case of a design for a single-component product, such as the Oakley Design, the "product is the article of manufacture to which the design has been applied." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. at 367. As such, the relevant article of manufacture is each of the Infringing Products sold by Defaulting Defendants.

Since Defaulting Defendants have chosen not to participate in these proceedings, Plaintiff has limited available information regarding Defaulting Defendants' profits from the sale of Infringing Products. Defaulting Defendants have failed to appear in this matter and have not produced any documents or information: (1) characterizing each of the transactions in their financial accounts, (2) other accepted payment methods; or (3) other Internet stores that they may be operating. As such, Defaulting Defendants have not met their burden to apportion gross receipts between infringing and non-infringing product sales, or to show any deductions. *WMS*

*Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008); *Nordock, Inc. v. Systems, Inc.*, 2017 U.S. Dist. LEXIS 192413, at * 7.

Information provided by PayPal, Alipay, and Wish for only some of the Defaulting Defendants indicates that Defaulting Defendants' financial accounts have a total restrained balance of approximately $130,716.82 with at least $44,411,271.31 in total revenue. Gaudio Declaration at ¶ 6. By failing to respond to Plaintiff's First Set of Requests for Admissions, each Defaulting Defendant has admitted that profits from the sale of the Infringing Products totals more than $100,000. *Id*. at ¶ 5; *See* Fed. R. Civ. P. 36(a)(3). As such, because Defaulting Defendants have not met their burden of apportioning gross sales or showing any deductions, the Court should award one hundred thousand dollars ($100,000) from each Defaulting Defendant based on the Defaulting Defendants' failure to answer Plaintiff's First Set of Requests for Admission. *See Fitness Anywhere LLC v. SUZHOU ONE TWO THREE SPORTS GOODS CO., LTD, et al,* No. 20-cv-01361 (N.D. Ill. Jun. 23, 2020) (unpublished) (Docket No. 38) (awarding $100,000 in profits per defendant); *Oakley, Inc. v. ADVENTURER, et al,* No. 20-cv-00277 (N.D. Ill. Jun. 9, 2020) (unpublished) (Docket No. 60) (same); *Fitness Anywhere LLC v. 95SP_KK, et al,* No. 19-cv-04155 (N.D. Ill. Oct. 31, 2019) (unpublished) (Docket No. 65) (same); *LVMH Swiss Manufactures SA v. AK WATCH CO. LTD STORE, et al,* No. 19-cv-04383 (N.D. Ill. Sept. 25, 2019) (unpublished) (Docket No. 42) (same).

**V.     PLAINTIFF IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF**

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's rights in the Oakley Design, including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO and Preliminary Injunction. Plaintiff is also entitled to injunctive

relief so it can quickly take action against any new e-commerce stores that are identified, found to be linked to Defaulting Defendants, and selling Infringing Products. *See, e.g.*, *Tuf-Tite, Inc. v. Fed. Package Networks, Inc.,* 2014 U.S. Dist. LEXIS 163352, at *29 (N.D. Ill. 2014); *Scholle Corp. v. Rapak LLC,* 35 F. Supp. 3d 1005, 1009 (N.D. Ill. 2014); *Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*, 166 F. Supp. 3d 1177, 1178-79 (D. Nev. 2016).

## CONCLUSION

Plaintiff respectfully requests that the Court enter default and default judgment against each Defaulting Defendant, including an award of one hundred thousand dollars ($100,000) per Defaulting Defendant and a permanent injunction order prohibiting Defaulting Defendants from selling Infringing Products and transferring all assets in Defaulting Defendants' financial accounts, including those operated by PayPal, Alipay, Wish.com and Amazon, to Plaintiff.

Dated this 2nd day of September 2020.　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Justin R. Gaudio
　　　　　　　　　　　　　　　　　　　　　Amy C. Ziegler
　　　　　　　　　　　　　　　　　　　　　Justin R. Gaudio
　　　　　　　　　　　　　　　　　　　　　Jake M. Christensen
　　　　　　　　　　　　　　　　　　　　　Thomas J. Juettner
　　　　　　　　　　　　　　　　　　　　　Greer, Burns & Crain, Ltd.
　　　　　　　　　　　　　　　　　　　　　300 South Wacker Drive, Suite 2500
　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　　　312.360.0080 / 312.360.9315 (facsimile)
　　　　　　　　　　　　　　　　　　　　　aziegler@gbc.law
　　　　　　　　　　　　　　　　　　　　　jgaudio@gbc.law
　　　　　　　　　　　　　　　　　　　　　jchristensen@gbc.law
　　　　　　　　　　　　　　　　　　　　　tjjuettner@gbc.law

　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Oakley, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of September 2020, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website and I will send an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Jason Groppe and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Jake M. Christensen
Thomas J. Juettner
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
tjjuettner@gbc.law

*Counsel for Plaintiff Oakley, Inc.*