Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| OAKLEY, INC., | |
| Plaintiff, | Case No. 20-cv-03542 |
| | **Judge Robert W. Gettleman** |
| v. | |
| | **Magistrate Judge Young B. Kim** |
| ALL-INBIKE, et al., | |
| Defendants. | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Oakley, Inc. ("Oakley" or "Plaintiff"), by and through its counsel, hereby request that each of the Defendants identified herein respond to the following interrogatories, fully, in writing and under oath within three (3) business days of receipt hereof pursuant to Paragraph 6 of the Preliminary Injunction Order [43], in accordance with the following definitions and instructions, and serve such responses on Plaintiff's counsel at the office of Greer, Burns & Crain, Ltd., 300 South Wacker Drive, Suite 2500, Chicago, Illinois, 60606.

## **INTERROGATORIES**

Interrogatory 1:

Identify Yourself, including, but not limited to, identifying the owner(s) and/or operator(s) of:

    a. Defendants' Online Marketplaces;

    b. Defendants' Financial Accounts.

Interrogatory 2:

Identify each and every domain name or online marketplace Used by You, or anyone identified in Your response to Interrogatory No. 1.

Interrogatory 3:

Identify any Financial Accounts which receive payments or hold assets for Defendants, or anyone identified in Your response to Interrogatory No. 1.

Interrogatory 4:

Identify all persons, other than counsel, who participated, or were consulted, in responding to these Interrogatories.

## DEFINITIONS AND INSTRUCTIONS

1.      In addition to the definitions and instructions set forth in Fed. R. Civ. P. 33, the following definitions and instructions apply to the interrogatories set forth below and should be considered as part of each such interrogatory:

2.      As used herein, "Defendant" shall include the following e-commerce stores identified by the Seller Aliases and Online Marketplaces.

| No. | Online Marketplaces | Seller Aliases |
|-----|---------------------|----------------|
| 2 | aliexpress.com/store/133112 | Comaxsun Pro Store |
| 3 | aliexpress.com/store/1762739 | joto |
| 4 | aliexpress.com/store/1797271 | TSO Cycling Store |
| 6 | aliexpress.com/store/1933048 | Z&X Outdoors |
| 7 | aliexpress.com/store/1973118 | RUISIMO Official Store |
| 8 | aliexpress.com/store/3018204 | BESTGIA Store |
| 9 | aliexpress.com/store/3612004 | Outdoor WH |
| 10 | aliexpress.com/store/4050087 | HonTuo Yundong |
| 11 | aliexpress.com/store/4248014 | Gusenke Trading Store |
| 12 | aliexpress.com/store/4677043 | moxilyn cycling store |
| 14 | aliexpress.com/store/4987311 | ESHIHAN Store |
| 15 | aliexpress.com/store/5108020 | Mazatlan men glasses |
| 16 | aliexpress.com/store/5633311 | My Protector Outdoor Store |
| 18 | amazon.com/sp?seller=A1RA7T522XTPI1 | LeCat |
| 20 | ebay.com/usr/astorion | astorion |
| 21 | ebay.com/usr/bikein-sport | bikein-sport |
| 23 | ebay.com/usr/crazybottle2-4 | crazybottle2-4 |
| 24 | ebay.com/usr/cyclehk | cyclehk |
| 25 | ebay.com/usr/goodjob2016 | goodjob2016 |
| 27 | ebay.com/usr/meng_2018 | meng_2018 |
| 29 | ebay.com/usr/mldzstore | mldzstore |
| 30 | ebay.com/usr/mmhuanghuiling1981 | mmhuanghuiling1981 |
| 31 | ebay.com/usr/omeibuyeu2019 | omeibuyeu2019 |
| 32 | ebay.com/usr/wireless.expert | wireless.expert |
| 33 | wish.com/merchant/53d212534497c5724bb02e9e | Pandoras Gearbox |
| 34 | wish.com/merchant/56322a08583ea10fe4aeeae2 | Creative culture co LTD |
| 35 | wish.com/merchant/572f0cb4fbbec05936904483 | rosemary.wedding |
| 36 | wish.com/merchant/5874f663838c484d5fbf3349 | Happy day man |
| 37 | wish.com/merchant/58d08f09cc7101505ef4f233 | Xu Xiugen shop |
| 38 | wish.com/merchant/58e734388ee9e81057915a63 | lisating1 |

| 39 | wish.com/merchant/591c4c8950216c6281ad6e97 | PINGUAN TRADING |
| 40 | wish.com/merchant/59535e512eac110e97ed8011 | Ningbo Tuo Yu Trading Co., Ltd. |
| 41 | wish.com/merchant/5a47606a0c47f3670666bca9 | ChuhengElectronics |
| 43 | wish.com/merchant/5ae543991c256d2b06d490ff | Eqwea |
| 44 | wish.com/merchant/5aed24791c25001bd4fbee69 | SireckSport |
| 45 | wish.com/merchant/5b4446cc86152a5a179076b8 | Green Night Story |
| 46 | wish.com/merchant/5d3afbe770327a55f1b53a64 | ranxiaobai |
| 47 | wish.com/merchant/5d40500172b0c9295c765ba5 | yaxifei |
| 48 | wish.com/merchant/5d467cc372b0c91446ffbb4b | HJY Discount store |
| 49 | wish.com/merchant/5d4d5f268388976b46e6b6af | Yaya Boutique Jewelry |

3.     These interrogatories are addressed to each Defendant listed in Paragraph 2 and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendants' behalf or on whose behalf Defendants acted; and (c) any other person otherwise controlled by Defendants, or which controls Defendants, or which is under common control with Defendant.

4.     If you find the meaning of any term in these interrogatories to be unclear, you should assume a reasonable meaning, state what that meaning is and respond to the interrogatory on the basis of that assumed meaning.

5.     If you object to any subpart or portion of an interrogatory or object to identifying the documents, electronically stored information, or things requested, set forth fully the grounds upon which your objection is based and answer the unobjectionable subpart(s) of the interrogatory and/or supply the documents, electronically stored information, or things in lieu of identifying the same.

6.     Where an objection is made to an interrogatory, state all grounds upon which the objection is based, along with a citation of any legal authority relied upon.

4

7. These interrogatories shall be deemed continuing so as to require further and supplemental responses in accordance with Fed. R. Civ. P. 26.

8. "Communication" shall include all exchanges of information, written or oral, including without limitation, memoranda, telephone conversations, electronic mail, computer discs, documents, and telegrams.

9. "Document" is defined broadly to be given the full scope of that term contemplated in Fed. R. Civ. P. 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

10. "Document" shall also include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored electronically in computer memory, magnetic or hard disk, or other storage medium, and whether or not claimed to be privileged, confidential, or otherwise excludable from discovery: any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report, or other similar matter, and shall include, without limitation, letters, correspondence, communications, emails, telegrams,

papers, cablegrams, mailgrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, schematics, engineering drawings, software source code listings, charts, plans, databases, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of committee meetings, desk calendars, appointment books, diaries, diary entries, voicemails, newspapers, magazine or periodical articles, and any other record of any kind.

11. The term "identify," when used in reference to:

    a. an individual shall mean to state his or her full name, present or last known residence address, present or last known business address, and position or business affiliation;

    b. a business entity shall mean to state its form, full name, address of its present or last principal place of business, and its principal line of business;

    c. a document shall mean to provide information sufficient to locate that document, including, but not limited to, the following: the production number range (Bates range), the date appearing on such document or, if no date appears thereon, the approximate date the document was prepared; the identifying code number, file number, title or label of such document; a general description of such document (e.g., letter, memorandum, drawing); the title or heading; the number of pages of which such document consists; the name of each person who signed, authored, or authorized the document; the name of each addressee; the name of each person having possession, custody, or control of such

document; if the document existed at one time but does not presently exist, the reason(s) why it no longer exists and the identity of the last person having custody of it; and if the document is in a foreign language, whether an English translation of the document exists, whether partial or complete; and

d. a communication shall mean to state its date, the communicator, the communicatee, the type of communication (i.e. conversation, telephone call, letter, note, etc.) and a brief description of its subject matter.

12. "Person" shall mean individuals or entities of any type, including without limitation, individuals, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, limited liability companies, groups, trusts, mutual or joint ventures, and other forms of organizations or associations.

13. "Date" shall mean the exact date, month and year or, if not ascertainable, the best approximation thereof.

14. The phrase "relating to", "related to", or "relate(s) to" means and includes concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, referring to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, and/or supporting.

15. As used herein, "Plaintiff" shall mean, unless otherwise indicated, Oakley, Inc., any of Plaintiff's officers, directors, employees, agents and representatives, and all persons acting on Plaintiff's behalf.

16.     As used herein, "Defendants' Online Marketplaces" shall be deemed to include the online marketplaces listed in Paragraph 2.

17.     As used herein, "Defendant" or "Defendants" or "You" or "Your" or "Yourself" shall be deemed to include the named owner(s) and/or operator(s) of Defendants' Online Marketplaces and Defendants' Financial Accounts, and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, contractors, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendants' behalf or on whose behalf Defendants acted; and (c) any other person otherwise controlled by Defendants, or which controls Defendants, or which is under common control with Defendant.

18.     As used herein, "Financial Accounts" shall be deemed to include any accounts relating to any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Alipay, Wish.com, PayPal, Inc. ("PayPal"), Amazon or other merchant account providers, payment providers, third party payment processors, and credit card associations (e.g., MasterCard and Visa Inc.) which receive payments or hold assets for Defendant.

19.     As used herein, "Used" shall mean registered, owned, and/or operated.

20.     "Lawsuit" or "Litigation" shall mean the lawsuit captioned *Oakley, Inc. v. All-Inbike, et al.,* Case No. 20-cv-03542, filed on June 17, 2020, in the U.S. District Court for the Northern District of Illinois.

21.     "Complaint" shall mean the Complaint and Amended Complaint filed by Plaintiff in the Lawsuit.

22.     The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

Dated this 27th day of August 2020.          Respectfully submitted,


                                             /s/ Justin R. Gaudio
                                             Amy Ziegler
                                             Justin R. Gaudio
                                             Jake M. Christensen
                                             Thomas J. Juettner
                                             Greer, Burns & Crain, Ltd.
                                             300 South Wacker Drive, Suite 2500
                                             Chicago, Illinois 60606
                                             312.360.0080
                                             312.360.9315 (facsimile)
                                             aziegler@gbc.law
                                             jgaudio@gbc.law
                                             jchristensen@gbc.law
                                             tjjuettner@gbc.law

                                             *Counsel for Plaintiff Oakley, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 27th day of August 2020, a copy of the foregoing was served via electronic mail on the e-mail addresses identified in Exhibit 2 to the Declaration of Jason Groppe and any e-mail addresses provided for Defendants by third parties.

/s/ Justin R. Gaudio
Amy Ziegler
Justin R. Gaudio
Jake M. Christensen
Thomas J. Juettner
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
tjjuettner@gbc.law

*Counsel for Plaintiff Oakley, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| OAKLEY, INC., | |
| Plaintiff, | Case No. 20-cv-03542 |
| v. | **Judge Robert W. Gettleman** |
| ALL-INBIKE, et al., | **Magistrate Judge Young B. Kim** |
| Defendants. | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF
<u>DOCUMENTS AND THINGS TO DEFENDANTS</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Oakley, Inc. ("Oakley" or "Plaintiff"), by and through its counsel, hereby requests each of the Defendants herein to produce each of the documents identified and described below for inspection and copying at the office of Greer, Burns & Crain, Ltd., 300 South Wacker Drive, Suite 2500, Chicago, Illinois, 60606 within three (3) business days of receipt hereof pursuant to paragraph 6 of the Preliminary Injunction Order. [43] at ¶ 6.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Request No. 1.    Documents, electronically stored information, and things sufficient to show the costs, cost allocations, revenues, and profits of Defendants for the last 5 years.

Request No. 2.    Documents, electronically stored information, and things relating to each and every purchase that Defendants have made relating to Plaintiff's Products, including, but not limited to, records of the specific products or goods purchased, records of the sale price of the specific products or goods purchased, images of the corresponding products or goods, records of the supplier or manufacturer that the specific products or goods were purchased from, a record of steps taken by Defendants to determine whether such products or goods were new or genuine, records of any investigation notes regarding the purchase, and the identity of the person or persons responsible for investigating any alleged infringement related to the purchase.

## DEFINITIONS AND INSTRUCTIONS

1.      In addition to the definitions and instructions set forth in Fed. R. Civ. P. 34, the following definitions and instructions apply to the Requests for the Production of Documents and Things (individually, "Request," and collectively, "Requests") set forth below and should be considered as part of each such Request:

2.      As used herein, "Defendant" shall include each of the following e-commerce stores identified by the Seller Aliases and Online Marketplaces.

| No. | Online Marketplaces | Seller Aliases |
|---|---|---|
| 2 | aliexpress.com/store/133112 | Comaxsun Pro Store |
| 3 | aliexpress.com/store/1762739 | joto |
| 4 | aliexpress.com/store/1797271 | TSO Cycling Store |
| 6 | aliexpress.com/store/1933048 | Z&X Outdoors |
| 7 | aliexpress.com/store/1973118 | RUISIMO Official Store |
| 8 | aliexpress.com/store/3018204 | BESTGIA Store |
| 9 | aliexpress.com/store/3612004 | Outdoor WH |
| 10 | aliexpress.com/store/4050087 | HonTuo Yundong |
| 11 | aliexpress.com/store/4248014 | Gusenke Trading Store |
| 12 | aliexpress.com/store/4677043 | moxilyn cycling store |
| 14 | aliexpress.com/store/4987311 | ESHIHAN Store |
| 15 | aliexpress.com/store/5108020 | Mazatlan men glasses |
| 16 | aliexpress.com/store/5633311 | My Protector Outdoor Store |
| 18 | amazon.com/sp?seller=A1RA7T522XTPI1 | LeCat |
| 20 | ebay.com/usr/astorion | astorion |
| 21 | ebay.com/usr/bikein-sport | bikein-sport |
| 23 | ebay.com/usr/crazybottle2-4 | crazybottle2-4 |
| 24 | ebay.com/usr/cyclehk | cyclehk |
| 25 | ebay.com/usr/goodjob2016 | goodjob2016 |
| 27 | ebay.com/usr/meng_2018 | meng_2018 |
| 29 | ebay.com/usr/mldzstore | mldzstore |
| 30 | ebay.com/usr/mmhuanghuiling1981 | mmhuanghuiling1981 |
| 31 | ebay.com/usr/omeibuyeu2019 | omeibuyeu2019 |
| 32 | ebay.com/usr/wireless.expert | wireless.expert |
| 33 | wish.com/merchant/53d212534497c5724bb02e9e | Pandoras Gearbox |
| 34 | wish.com/merchant/56322a08583ea10fe4aeeae2 | Creative culture co LTD |
| 35 | wish.com/merchant/572f0cb4fbbec05936904483 | rosemary.wedding |

| 36 | wish.com/merchant/5874f663838c484d5fbf3349 | Happy day man |
|----|---------------------------------------------|---------------|
| 37 | wish.com/merchant/58d08f09cc7101505ef4f233 | Xu Xiugen shop |
| 38 | wish.com/merchant/58e734388ee9e81057915a63 | lisating1 |
| 39 | wish.com/merchant/591c4c8950216c6281ad6e97 | PINGUAN TRADING |
| 40 | wish.com/merchant/59535e512eac110e97ed8011 | Ningbo Tuo Yu Trading Co., Ltd. |
| 41 | wish.com/merchant/5a47606a0c47f3670666bca9 | ChuhengElectronics |
| 43 | wish.com/merchant/5ae543991c256d2b06d490ff | Eqwea |
| 44 | wish.com/merchant/5aed24791c25001bd4fbee69 | SireckSport |
| 45 | wish.com/merchant/5b4446cc86152a5a179076b8 | Green Night Story |
| 46 | wish.com/merchant/5d3afbe770327a55f1b53a64 | ranxiaobai |
| 47 | wish.com/merchant/5d40500172b0c9295c765ba5 | yaxifei |
| 48 | wish.com/merchant/5d467cc372b0c91446ffbb4b | HJY Discount store |
| 49 | wish.com/merchant/5d4d5f268388976b46e6b6af | Yaya Boutique Jewelry |

3.      These Requests are addressed to each Defendant listed in Paragraph 2 and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendants' behalf or on whose behalf Defendants acted; and (c) any other person otherwise controlled by Defendants, or which controls Defendants, or which is under common control with Defendant.

4.      If you find the meaning of any term in these Requests to be unclear, you should assume a reasonable meaning, state what that meaning is and respond to the Request on the basis of that assumed meaning.

5.      If you object to any subpart or portion of a Request or object to providing the documents, electronically stored information, or things requested, set forth fully the grounds upon which your objection is based and answer the unobjectionable subpart(s) of the Request and/or supply the documents, electronically stored information, or things to which no objection is made.

6.      Documents, electronically stored information, and things under your control must be produced even though they are in the possession of an employee or agent of yours, such as an

4

accountant, attorney, or other person from whom you have a right to retrieve the documents, electronically stored information, or things.

7.     If any document, electronically stored information, or thing requested by Plaintiff cannot be produced in full after exercising due diligence to secure the document, electronically stored information, or thing, produce whatever portion of the document, electronically stored information, or thing remains and state whatever information, knowledge or belief you have concerning the unproduced portion.  If your response is qualified in any particular respect, set forth the details of such qualification.

8.     For any document, electronically stored information, or thing responsive to any request set forth below that Defendants seek to withhold under a claim of privilege, Defendants shall redact the information being withheld for privilege and indicate the location of the redacted information on or in the produced document, electronically stored information, or thing.  For each document, electronically stored information, thing, or part thereof withheld under a claim of privilege or for any other reason, Defendants shall state:

   a.     that such material is being withheld;

   b.     the name and title of all person(s) who possessed or controlled the document, electronically stored information, or thing;

   c.     a brief description of the nature and subject matter of the document, electronically stored information, or thing, including the title and type of document (*i.e.*, whether it is a letter, memorandum, drawing, etc.), electronically stored information, or thing;

   d.     the document's date or the electronically stored information's or thing's date of creation;

e.     the name and title of the author(s) or creator(s);

f.     the name and title of the sender(s) of the document or electronically stored information if different from the author(s) or creator(s);

g.     the name and title of the person(s) to whom the document or electronically stored information is addressed or to whom the thing has been provided, including all person(s) who received copies, photographs, or other representations of the document or electronically stored information or thing;

h.     the past and current location of all copies of the document or electronically stored information or thing;

i.     the request or subpart to which the document or electronically stored information, withheld information, or thing is otherwise responsive; and

j.     the type of privilege claimed (attorney-client communications, attorney work product) and the factual and legal basis supporting the claim of privilege.

9.     These Requests require the production of documents, electronically stored information, and things either in the same form and same order as they are kept in the usual course of business or organized and labeled to correspond with the particular requests set forth below. If you choose the former method, the documents, electronically stored information, and things are to be produced in the boxes, file folders, bindings or other containers in which the documents, electronically stored information, and things are kept in the usual course of business. The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.

10.     These Requests shall be deemed continuing so as to require further and supplemental production in accordance with Fed. R. Civ. P. 26.

11.     If any document or electronically stored information or thing is not produced on the ground that such document or electronically stored information or thing is no longer in Defendants' possession, custody, or control, identify each such document or electronically stored information or thing and specify:

      a.    the document's date or the electronically stored information's or thing's date of creation;

      b.    a brief description of the nature and subject matter of the document or electronically stored information or thing, including the title and type of document (*i.e.*, whether it is a letter, memorandum, drawing, etc.) or electronically stored information or thing;

      c.    the name and title of the author(s) or creator(s), the sender(s), the addressee(s) and the recipient(s) of the document or electronically stored information or thing;

      d.    the name and title of all person(s) who possessed or controlled the document, electronically stored information, or thing;

      e.    the name and title of the person(s) most knowledgeable about the document or electronically stored information or thing;

      f.    the past and current location of all copies of the document or electronically stored information or thing; and

      g.    the name and title of the person(s) responsible for its destruction, loss, transfer, or other act or omission by which the document or electronically

stored information or thing left Defendants' possession, custody or control, and the date of such act.

12. Any copy of a document or electronically stored information or thing other than the exact duplicate of that document or electronically stored information is a separate document or electronically stored information or thing.

13. Whenever such construction will serve to bring within the scope of these requests some documents, electronically stored information, or things that would otherwise not be brought within its scope, "any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" "and" should be understood to include and encompass "or;" "including" should be understood to mean including but not limited to; the singular of a word should be understood to include and encompass the plural of the word, and vice versa; and the past tense of a verb shall be understood to include the present tense, and vice versa.

14. Where an objection is made to a request, state all grounds upon which the objection is based, along with a citation of any legal authority relied upon.

15. Ordering and numbering of documents, electronically stored information and things shall be performed in such a manner as to ensure that the source of each document, electronically stored information and thing may be determined.

16. Electronically stored information shall be produced in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable by Plaintiff.

17. "Communication" shall include all exchanges of information, written or oral, including without limitation, memoranda, telephone conversations, electronic mail, computer discs, documents, and telegrams.

18.    "Document" is defined broadly to be given the full scope of that term contemplated in Fed. R. Civ. P. 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence.  Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

19.    "Document" shall also include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored electronically in computer memory, magnetic or hard disk, or other storage medium, and whether or not claimed to be privileged, confidential, or otherwise excludable from discovery: any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report, or other similar matter, and shall include, without limitation, letters, correspondence, communications, emails, telegrams, papers, cablegrams, mailgrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, schematics, engineering drawings, software source code listings, charts, plans, databases, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of

9

committee meetings, desk calendars, appointment books, diaries, diary entries, voicemails, newspapers, magazine or periodical articles, and any other record of any kind.

20.    The term "identify," when used in reference to:

    a.    an individual shall mean to state his or her full name, present or last known residence address, present or last known business address, and position or business affiliation;

    b.    a business entity shall mean to state its form, full name, address of its present or last principal place of business, and its principal line of business;

    c.    a document shall mean to provide information sufficient to locate that document, including, but not limited to, the following: the production number range (Bates range), the date appearing on such document or, if no date appears thereon, the approximate date the document was prepared; the identifying code number, file number, title or label of such document; a general description of such document (e.g., letter, memorandum, drawing); the title or heading; the number of pages of which such document consists; the name of each person who signed, authored, or authorized the document; the name of each addressee; the name of each person having possession, custody, or control of such document; if the document existed at one time for does not presently exist, the reason(s) why it no longer exists and the identity of the last person having custody of it; and if the document is in a foreign language, whether an English translation of the document exists, whether partial or complete; and

        d.       a communication shall mean to state its date, the communicator, the communicatee, the type of communication (i.e. conversation, telephone call, letter, note, etc.) and a brief description of its subject matter.

21.    "Person" shall mean individuals or entities of any type, including without limitation, individuals, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, limited liability companies, groups, trusts, mutual or joint ventures, and other forms of organizations or associations.

22.    "Date" shall mean the exact date, month and year or, if not ascertainable, the best approximation thereof.

23.    The phrase "relating to", "related to", or "relate(s) to" means and includes concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, referring to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, and/or supporting.

24.    As used herein, "Plaintiff" shall mean, unless otherwise indicated, Oakley, Inc., any of Plaintiff's officers, directors, employees, agents and representatives, and all persons acting on Plaintiff's behalf.

25.    As used herein, "Defendants' Online Marketplaces" shall be deemed to include the online marketplaces listed in Paragraph 2.

26.    As used herein, "Defendant" or "Defendants" or "You" or "Your" or "Yourself" shall be deemed to include the named owner(s) and/or operator(s) of Defendants' Online Marketplaces and Defendants' Financial Accounts, and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, contractors, attorneys,

and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendants' behalf or on whose behalf Defendants acted; and (c) any other person otherwise controlled by Defendants, or which controls Defendants, or which is under common control with Defendant.

27.     As used herein, "Financial Accounts" shall be deemed to include any accounts relating to any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Alipay, Wish.com, PayPal, Inc. ("PayPal"), Amazon or other merchant account providers, payment providers, third party payment processors, and credit card associations (e.g., MasterCard and Visa Inc.) which receive payments or hold assets for Defendant.

28.     As used herein, "Used" shall mean registered, owned, and/or operated.

29.     "Lawsuit" or "Litigation" shall mean the lawsuit captioned *Oakley, Inc. v. All-Inbike, et al.,* Case No. 20-cv-03542, filed on June 17, 2020, in the U.S. District Court for the Northern District of Illinois.

30.      "Complaint" shall mean the Complaint and Amended Complaint filed by Plaintiff in the Lawsuit.

31.     As used herein, the "Oakley Design" shall collectively refer to Plaintiff's registered patented design as shown in the Lawsuit Complaint.

32.     As used herein, "Plaintiff's Products" shall mean any product offered for sale or sold using, relating to, featuring or bearing the Oakley Design and/or designs identical with, or substantially similar to, the Oakley Design as defined in Paragraph 31.

33.     As used herein, "Infringing Products" shall mean products offered for sale or sold using, relating to, featuring or bearing a third-party patented design on the product regardless of when it became known or was alleged You were using a third-party patented design.

34.     The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

Dated this 27th day of August 2020.          Respectfully submitted,


/s/ Justin R. Gaudio
Amy Ziegler
Justin R. Gaudio
Jake M. Christensen
Thomas J. Juettner
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
tjjuettner@gbc.law

*Counsel for Plaintiff Oakley, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of August 2020, a copy of the foregoing was served via electronic mail on the e-mail addresses identified in Exhibit 2 to the Declaration of Jason Groppe and any e-mail addresses provided for Defendants by third parties.

/s/ Justin R. Gaudio
Amy Ziegler
Justin R. Gaudio
Jake M. Christensen
Thomas J. Juettner
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
tjjuettner@gbc.law

*Counsel for Plaintiff Oakley, Inc.*

14